⅝?outer, J.
delivered, the opinion of the Court. ' In this case an application has been made for a rehearing, and we have been re *231 quested to amend our former decree in such a manner, that instead of dismissing the appeal, we may remand the cause, for the judge to make out his certificate according to law.
The defendant has been heard in opposition to this application.
We think it should be granted. According to the decision in Franklin vs. Kembal. 5 Martin, 666, when the cause is tried on written documents alone, the judge may certify at any time as long as his memory permits him. If he can thus certify the present record, it will promote justice to remand it, to enable him to do so, as by these means we shall have it in our power to decide the cause on its merits.
The defendant has argued, that we are precluded from sending the case back, because two years have now elapsed: and that as the judge could not make out a certificate voluntarily, after this lapse of time, the court capnot direct him to do so. We are of a different opinion. Under the act of 1817, the judge may make out his certificate when he pleases. Whether the party can profit by it is quite a distinct question. The period, fixed by law for bringing up appeals, has no relation *232 to the power conferred on the íudge to certify \ the record ; both are matters of positive law* and depend on the regulations particular to eacu.
Our former judgment must therefore be so modified that this record be remanded, with directions to the judge to certify it according to law, and that the appellant pay costs.